**CALLAN v. COPE et al.**
**No. 11710.**

Circuit Court of Appeals, Ninth Circuit.
Jan. 23, 1948.

David A. Fall and Leonard Dimiceli, both of San Pedro, Cal., for appellant.

Stephenson, Real & Karmelich, of San Pedro, Cal., for appellees.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Callan brought a libel against Cope for $497.00 maintenance, the reasonable value of medical expenses, and for $35,000.00 damages for personal injuries. On petition of libelant, the court ordered Arthur Austin to be joined as respondent. Austin was cited to appear on January 13, 1946. The cause was brought to trial before District Judge O'Connor on January 7, however, and Austin did not appear below though he was called as a witness by libelant. At the close of libelant's evidence respondent moved for a nonsuit. The district judge ruled that libelant had shown no right to relief and dismissed the libel with prejudice as to both respondents. On the hearing of the appeal Austin appeared and defendant in a trial de novo before us.

Cope is the owner of the "Atlas," a fishing vessel. On October 16, 1944, Cope broke his arm and was unable to take the vessel out fishing. Cope thereupon orally chartered the vessel to Austin, who was to have exclusive possession of it for the mackerel season. Later in the day, Callan approached Cope and asked for a job. Cope referred Callan to Austin, who, in turn, employed Callan to fish on the vessel. The final arrangement was that Cope was to get a one-third share as owner of the boat and Austin and Callan were each to get one-third.

All three of these men took the vessel out fishing on the night of October 16th. Cope made coffee and oiled the engine, but nothing else; he went along mainly because the Coast Guard required the owner or master to be aboard and Austin had not yet been signed on as master. On October 17th, Austin was signed on as master.

Since Cope, with the knowledge of Callan, had chartered the vessel to Austin, no relationship of contract or otherwise existed between Cope and Callan when Callan was later injured. The decree is affirmed as to Cope.

On October 18th, Callan and Austin took the vessel to a gasoline dock to fill up the tanks. Callan took the hose from the attendant and, while he was filling one of the tanks, an explosion occurred resulting in the injuries for which this suit was brought. The engine was running at the time the tanks were being filled.

On the question of what caused the explosion, we agree with the contention of Austin's brief, at page 8, that "The record shows absolutely no evidence that (1) the explosion was caused by this act" of "taking on the gasoline with the engine running."

Callan, in a complaint against the General Petroleum Co., charged that it was caused through that company's agents and one Robert L. Callis "so negligently and carelessly refuel[ing] the gas screw 'Atlas' with gasoline as to cause the same to explode." This was later followed by Callan's admission that he did not know of his own knowledge how the explosion occurred.

There is no description of the engine nor any evidence that gasoline escaped into the engine room and thereby came in contact with the engine, or that it reached the engine otherwise than through its supply pipe. Nor is there evidence of the character of the gasoline, whether it was of a low or high explosive quality. Nor evidence that there were no other causes of ignition elsewhere within the vessel. In this situation we cannot say that the doctrine of res ipsa loquitur applies, merely because there was a running engine. We find that no negligence is shown to have caused the bodily injuries suffered by Callan and that he is not entitled to recover under the Jones Act, 46 U.S.C.A. § 688.

Despite Austin's contention, so sustained, that there is no evidence that the loading of the gasoline caused Callan's injury, Austin claims Callan is not entitled to maintenance and cure. He contends that because Callan started to put the gasoline into the tanks when he had been told by Austin to wait until Austin shut off the engine, it was Callan's own act in disobedience of orders which caused his injury and hence he must bear the expense of "curing himself." He cites The City of Carlisle, D.C., 39 F. 807, 813, 5 L.R.A. 52, where the general rule is properly stated as "The only recognized qualification of the seaman's right of recovery [for maintenance and cure] is *where the injuries have arisen from* his own gross and willful misconduct." (Emphasis supplied.)

Callan contends, contrary to Austin, that he was ordered to fill the tanks while the engine was running. Resolving this dispute in favor of Austin, it remains that the injuries have not been shown "to have arisen" from the act of Callan, though he was disobedient. They occurred while Callan was in the ship's employ and under the doctrine of The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760, he is entitled to recover for his maintenance and cure.

The decree is reversed so far as it denies maintenance and cure and the case is remanded for a determination of the amount, if any, which Callan is entitled to recover.